UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ARLANDUS M. NOLEN,

        Petitioner,

v.                                    Case No. 2:04-cv-289
                                    HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

        Petitioner Arlandus M. Nolen filed this petition for writ of habeas corpus challenging the validity of his parole revocation. Petitioner was convicted of car jacking , and on October 16, 1998, was sentenced to 2 to 15 years imprisonment.[1] On February 28, 2002, petitioner was paroled. Petitioner was arrested on June 5, 2002, and charged with receiving and concealing stolen property, firearms possession, and carrying a concealed weapon. Petitioner was served the next day with parole violations. Petitioner asserts that the criminal charges were dropped. Petitioner was transferred to the Jackson facility on June 19, 2002. Petitioner was arraigned on the parole violation charges on June 20, 2002. A parole revocation hearing was held on July 24, 2002. Petitioner was found guilty on the parole violation charges. On November 15, 2002, a Grand Traverse County Circuit Court judge ordered a new parole revocation hearing. A new parole revocation hearing was held where petitioner was found in parole violation.

---

[1]Petitioner was also convicted and sentenced on June 28, 2005, to a 3 year to 7year, 6month term of imprisonment for prisoner possessing weapons.

While on parole, petitioner was stopped by a police officer after petitioner's vehicle was observed driving the wrong way on a one way street, after petitioner's parole curfew time. Petitioner was driving a stolen rental car, his passenger was also a parolee, and a loaded 9 mm handgun was found in a backpack behind the driver's seat. Both petitioner and the passenger provided false identification to the police officer.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issue:

I. Did the parole board violate parolee due process rights by failure to allow parolee attorney to be present at this parole revocation hearing, failure to give parolee a timely notice, failure to allow parolee to present witnesses, and confront adverse witnesses against him, failure to disclose evidence to parolee on DNA test results, failure to allow parolee former parole office to be present at first and second hearing, failure to produce present parole officer at second hearing, prejudice parolee by having a second parole revocation hearing 6 months after parolee became available to the MDOC; the first hearing not being in compliance with MCL § 791.240a.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

- 3 -

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent asserts that petitioner's claims are barred by the statute of limitations period, are unexhausted, or are procedurally defaulted. Petitioner raised his claims in a case previously filed in this court. The court dismissed the case for failure to exhaust. In the opinion dismissing the case, the court outlined the statute of limitations consideration. The court explained:

> Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the instant case, Petitioner's second revocation hearing determination was reached on January 7, 2003. Petitioner had 60 days under the Administrative Procedures Act, MICH. COMP. LAWS § 24.304(a), to file an appeal of his parole revocation determination to the circuit court. Petitioner did not file a timely appeal under the Administrative Procedures Act. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the*

*expiration of time for seeking such review*." ) (emphasis added). Petitioner's conviction therefore became final on Monday, March 10, 2003. Accordingly, Petitioner has one year, until March 10, 2004, in which to file his habeas petition in this Court.

A properly filed application for state postconviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). An application is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, by his own allegations, Petitioner's habeas corpus complaints in the Grand Traverse County Circuit Court and the Michigan Court of Appeals were denied for lack of jurisdiction and venue. As a consequence, the complaints may not be considered to have been properly filed. *Cf. Young v. Mohr*, No. 99-3015, 1999 WL 1253097, at *1 (6th Cir. Dec. 17, 1999) (untimely post-conviction petition or appeal is not considered "properly filed" in terms of § 2244(d)(2)); *Nooks v. Collins*, No. 98-3243, 1999 WL 98355, at *1 (6th Cir. Jan. 29, 1999) (for purposes of §2244(d)(2), time should be tolled for any action permitted by state law). Petitioner's prior state habeas corpus proceedings therefore did not toll the running of the statute of limitations.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed" petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for postconviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

*Nolen v. Michigan Parole Board, et al.*, Case No. 1:03-cv-779, Docket #8. After that decision, petitioner's habeas action in Baraga County was dismissed on August 11, 2004. Petitioner then

- 5 -

attempted to appeal that decision in the state appellate courts but his appeals were dismissed for failing to pay filing fees.  Accordingly, petitioner did not file a proper application for appellate review which could have tolled the statute of limitations period.  Petitioner filed this action on December 13, 2004.  Petitioner's habeas action, in the opinion of the undersigned, is now barred by the statute of limitations period.

Alternatively, petitioner has still failed to exhaust his claims.  By not fairly presenting his claims to the Michigan appellate courts, the Michigan courts have not had an opportunity to decide the issues presented.  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  It appears that petitioner has not satisfied his burden.  Moreover, if petitioner no longer has an avenue to present his issues in the state court's petitioner's claims will be barred in this court by his procedural default.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review.  *See Ylst*

*v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman*, 501 U.S. at 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169 F.3d 1028, 1033 (6th Cir. 1999); *Rust*, 17 F.3d at 160-61. To show cause sufficient to excuse a failure to raise claims on direct appeal, petitioner must point to "some objective factor external to the defense" that

prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not attempted to explain his failure to raise the issue in his *pro per* application in his direct appeal to the Michigan Supreme Court or to explain his failure to file a timely application for leave to appeal the decision on his second motion for relief from judgment to the Michigan Supreme Court. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). Accordingly, if petitioner's claims are exhausted his claims are procedurally barred.

Petitioner claims that his due process and state statutory rights were violated when he was denied a fair and impartial fact finding hearing before the revocation of his parole. In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violation of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached hearing body" such as a traditional parole board, members of which need not be judicial

- 8 -

officers or lawyers; and (f) a written statement by the factfinders as
to the evidence relied on and reasons for revoking parole.

*Morrissey,* 408 U.S. at 489.  The Court emphasized, however, that the second stage of parole revocation should not be equated with a full criminal prosecution. *Id.*  The due process requirements for a revocation hearing defined in *Morrissey* are codified in Mich. Comp. Laws § 791.240a. Pursuant to Mich. Comp. Laws § 791.240a(1), petitioner was entitled to a fact-finding hearing within 45 days after he became available for return to a state correctional facility.

Under the circumstances of this case, where petitioner has received two parole hearings, the second after certain requirements were ordered for a new hearing by the state circuit court, petitioner cannot show that his due process rights were violated.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.   A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

- 9 -

The undersigned recommends that the court deny petitioner's application as barred by the statute of limitations, procedural default or alternatively for failure to exhaust.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on these  procedural grounds.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Moreover, petitioner received due process when his parole was revoked for violating his parole.  Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  May 22, 2007